IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Gudrun Rice

Criminal Case No. 06-cr-00177-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  ARCADIO MATIAS-MEDINA
    a/k/a Martin El Korita,

    Defendant.

---

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND REASONS FOR ORDER OF DETENTION

---

THIS MATTER came before the Court for a detention hearing on May 11, 2006. Present were the following: Wyatt B. Angelo, Assistant United States Attorney, Stephen Laiche, counsel for the Defendant, and the Defendant. Also present were interpreter Jeanette Finlayson, and Sherrie Blake, Probation/Pretrial Services Officer. The Court has taken judicial notice of the Court's file and the Pretrial Services Report dated May 11, 2006. The Court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

I.    APPLICABLE LAW

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS OF FACT

In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Services Report and entire court file. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Defendant has been charged under Title 8 U.S.C. § 1326(a) and (b) with illegal re-entry after deportation; and Title 18, U.S.C. § 1546, knowingly forging, counterfeiting, and falsely making a document prescribed by statute or regulation as evidence of authorized stay in the United States.

Second, the grand jury has found and concluded that probable cause exists that the Defendant committed the charged offenses.

Third, the Bureau of Immigration and Customs Enforcement has lodged a hold against the Defendant.

Fourth, the Defendant does not contest detention.

Fifth, the Defendant completed 9 years of school in the Republic of Mexico and can read and write in Spanish and Defendant stated he could read some English. Defendant resides with Marina Monsibais at 2837 North Avenue, Space D39, Grand Junction, Colorado. According to Defendant, they are purchasing the trailer and renting the space. Defendant came to the United States in 1992 and lived in Montrose and Grand Junction, Colorado for approximately 5 years. He stated he returned to Mexico for one year. He came back to Grand Junction for another 5 years and returned to Mexico for another year. He returned to the United States again for 5 years and stated he was deported in December 2005. He returned to the United States approximately 2 months ago.

Defendant's parents reside in Nayarit, Mexico. His father is a farm worker and his mother stays home. Defendant states there are 5 siblings in the family who reside in Mexico. Defendant has been in a common-law relationship with Marina Monsibais for 12 years. She does not have legal status in the United States. Three children were born to this union, and the children reside with Defendant and his wife. All 3 children were born in Mexico.

Sixth, the Defendant's alien registration number is A74443580 and it appears from available information that he has been removed or deported from the United States on at least four prior occasions.

Seventh, the Defendant has been convicted of multiple misdemeanor and felony charges and has several failures to appear.

Finally, the Pretrial Services officer in her Pretrial Services Report has assessed that there is a risk of non-appearance and a risk of danger for the following reasons:

1. the nature and circumstances of the alleged offense;
2. the nature and extent of the Defendant's prior arrest record; and
3. the Defendant and his family are not legal residents of the United States.

III. CONCLUSIONS OF LAW

Accordingly, I find, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant as required. I further find, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, the Defendant is ordered detained before trial.

IV. ORDER

It is hereby ordered that:

1. The Defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. the Defendant shall be afforded reasonable opportunity for private consultation with counsel; and

3. on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

The next appearance of the Defendant is set for arraignment and discovery conference at 1:30 p.m. on Thursday, May 18, 2006 in the United States District Court in Denver, Colorado.

DATED: May 11, 2006

BY THE COURT:

s/Gudrun Rice

Gudrun Rice,
United States Magistrate Judge